UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **ANDREA COTTON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) CAUSE NO. 1:16-cv-00207-TLS-SLC |
| | ) |
| **PARKVIEW HOSPITAL, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a proposed stipulated protective order (DE 17) filed by the parties, which the Court deems to be a joint motion seeking approval of the proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order is inadequate in several respects, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Although it not clear, the proposed order appears to contemplate filing under seal, and as such, it requires a higher level of scrutiny.

Here, the proposed order allows the parties to designate as "Confidential Information" material that "includes but is not limited to employee information, personnel records, compensation information, financial and tax information, medical records, and medical information." (DE 17 ¶ 1(B)). The first problem with this text is that by prefacing the proposed categories with the phrase "includes but is not limited to," the parties create a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order is not limited to the discovery phase of the proceedings. *Cincinnati Ins. Co.*, 178 F.3d. at 944. The Seventh Circuit Court of Appeals has held that such overly broad protective orders are invalid. *See id.* at 945.

Furthermore, not all of the proposed categories constitute narrow, demarcated categories of legitimately confidential information. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). For example, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "[T]here is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005). Therefore, the categories of "employee information" and "personnel records" as written are overbroad. As such, the Court is not satisfied that the parties know what information constitutes "confidential"

2

material.  *See Cincinnati Ins. Co.*, 178 F.3d at 946.

Another problem is that the proposed order should seek to narrowly protect any confidential material through a method of redaction, rather than allowing documents that "contain" confidential material to be filed entirely under seal.  (DE ¶ 1(B)); *see Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).  The proposed order should require the public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

Finally, the Seventh Circuit has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents."  *Id.* at 946.  The instant proposed order does not contain this language.  It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding."  *Id.* at 945 (citations omitted).

Therefore, the Court DENIES the joint motion for approval of the proposed stipulated protective order (DE 17).  The parties may submit a new motion, together with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.  Entered this 13th day of February 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge