UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANDREA COTTON, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:16-cv-00207-TLS-SLC |
| PARKVIEW HOSPITAL, INC., | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a revised proposed stipulated protective order (DE 19) filed by the parties, which the Court deems to be a joint motion seeking approval of the revised proposed stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). Because the revised proposed order is still overly broad, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). The proposed order contemplates filing under seal (DE 19 ¶ 10), and as such, it requires a higher level of scrutiny.

Here, the proposed demarcated categories comprising the definition of "Confidential Information" are overly broad. (*Compare* DE 19 ¶ 2, *with* DE 17 ¶ 1). In addition to protecting certain sensitive information concerning non-party employees ("social security numbers, dates of birth, salaries and rates of pay, bank account information, results of drug testing, home addresses and telephone numbers, accommodations for disabilities, and disciplinary histories"), the proposed order also seeks to protect: "Non-public confidential and/or proprietary business documents including non-public documents containing Defendant's policies, procedures and/or training materials, business plans and trade secrets." (DE 19 ¶ 2).

The term "[n]on-public confidential and/or proprietary business documents" is too vague. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, *Inc.*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.*

Compounding the problem, both proposed categories of Confidential Information start with an overly inclusive statement, followed by the word "including," followed by more specific categories. (DE 19 ¶ 2). The term "including" is a "fudge" phrase that fails to limit the Confidential Information to solely the more specific categories. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Therefore, the Court DENIES the parties' joint motion seeking approval of the revised proposed stipulated protective order for the reason that the proposed categories of Confidential Information in the proposed order are still overly broad. The parties may submit a new motion, together with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 10th day of March 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge